JOSEPH NEMECZ, PLAINTIFF-RESPONDENT, v. MORRISON & SHERMAN, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the defendant-appellant, *John C. Stockel* (*Harry Spitzer,* of counsel).

For the plaintiff-respondent, *John E. Toolan.*

The opinion of the court was delivered by

KAYS, J.   This is an appeal from a judgment in the New Jersey Supreme Court entered on a verdict of a jury at the Middlesex Circuit on October 13th, 1931.   The action was brought for compensation resulting from an injury which occurred as follows:   On July 22d, 1930, plaintiff was walking across the lands owned by the Barber Asphalt Paving Company in the city of Perth Amboy, Middlesex county.   At the time defendant was erecting a building on part of the premises owned by the Barber Asphalt Paving Company.   It appears that plaintiff was lawfully on the premises.   As the plaintiff was passing the building, which was being erected by the defendant, a portion of a form, which was to be used for pouring concrete, was blown off by a sudden wind and rain storm.   The falling form struck the plaintiff and injured him.   As a result of the trial the jury returned a verdict in favor of the plaintiff and against the defendant for the sum of $10,000.   A rule to show cause why the verdict should not be set aside as excessive, reserving exceptions, was taken, which rule on argument was dismissed and the plaintiff appeals here now on the exceptions.

The first ground of appeal is, that the trial court refused to grant a nonsuit, and the second, that the trial court refused to direct a verdict.   We see nothing in these two points as the doctrine of *res ipsa loquitur* applied and there was sufficient evidence to go to the jury on the question of negligence.   The next point raised by the defendant is that the court erroneously charged the jury as follows:   "The rule of law, about which you have heard so much in the case, is technically called the doctrine of *res ipsa loquitur,* which means only that the thing speaks for itself, and the effect of which rule is merely to shift the burden of proof from the plaintiff to the defendants to show that the act which occurred

was not the negligence of the defendants. That rule is, that wherever there is an occurrence in the ordinary course of things which ought not to happen whereby a person is injured, the person who has control of the instrument by which such injury occurs is in law considered to be negligent, so that the burden is placed on him to prove that he was not negligent." And the court again charged: "The burden, of course, is upon the plaintiff ordinarily, but under the rules you have heard, the burden in this case is upon the defendants to show that the accident happened without negligence on their part." After the court had finished the charge counsel evidently called his attention to the portion of the charge above mentioned and the court thereupon said: "Members of the jury, counsel has called the court's attention to the language of the court's charge in reference to the question of the burden of proof. What the court intended to say was that the burden of proof ordinarily is upon the plaintiff to prove his case by a preponderance of the evidence, but in this case if the defendants set up certain facts in justification of their position, the burden of proof is upon them to prove the truth of those facts which they would set up in their defense. Of course the burden of proof never does shift in those cases from the plaintiff which is always incumbent upon him in the proving of his case." We think this charge was erroneous and that the court after the original charge to the jury did not correct the previous error which it had made in the charge. There are a number of cases in this state which hold to this view. In the case of *Hughes* v. *Atlantic City Railroad Co.*, 85 N. J. L. 212, the court instructed the jury that if the plaintiff proved that he had been injured by the bursting of an electric light bulb the burden shifted to the defendant to exculpate itself from the charge of negligence. The doctrine of *res ipsa loquitur* was applied in that case. Mr. Justice Swayze writing the opinion of this court in that case said that the trial judge thus put upon the defendant, in a case where there was no direct evidence of negligence, a burden from which it would have been free in a case where there was direct evidence. Mr. Justice Garrison,

in writing the opinion in the case of *Niebel* v. *Winslow*, 88 *N. J. L.* 191, stated that it was error for the trial court to charge as follows: "If you find that the gauze was left in the abdomen of the plaintiff and the incision sewed up or allowed to heal up over it, then the burden of proof is on the defendant to show that it was not left there by any carelessness or negligence of his." The rule laid down in these cases and in many others is to the effect that the mere occurrence of an injury does not impose upon the defendant a duty which the law imposes on the plaintiff and the doctrine of *res ipsa loquitur* does not extend this application of the rule. Counsel for the respondent argues that the court stated the correct rule in the last sentence of the charge and that therefore the appellant was not injured. It is true that the court did state the correct rule as contended but the jury could not know which rule laid down by the court was correct.

We are therefore of the opinion that the charge of the court was erroneous and that the judgment under review must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.